IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UMG RECORDINGS, INC.,           :
ARISTA RECORDS LLC,             :
INTERSCOPE RECORDS,             :
WARNER BROS. RECORDING,         :
INC.,                           :
SONY BMG MUSIC                  :
ENTERTAINMENT,                  :
                                :
                                :
                Plaintiffs,     :          No. 4:08-CV-1756
                                :
        v.                      :          (Judge McClure)
                                :
SHANNON ELIZABETH               :
MARTINO,                        :
                                :
                Defendant.      :

**M E M O R A D U M**

April 21, 2009

**BACKGROUND:**

On September 23, 2008, plaintiffs, UMG Recordings, Inc., Arista Records

LLC, Interscope Records, Warner Brothers Recording, Inc. and Sony BMG Music

Entertainment, instituted this civil action against Shannon Elizabeth Martino, a pro

se defendant, setting forth a claim for copyright infringement under federal law, 17

U.S.C. § 101, et seq. (Rec. Doc. No. 1).  Defendant filed her answer on January 26,

1

2009, denying the plaintiffs' allegations and asserting a counterclaim.  (Rec. Doc.

No. 2).  On February 19, 2009, plaintiffs filed a motion to dismiss defendant's

counterclaim.  (Rec. Doc. No. 6).  The appropriate briefs have been filed and this

motion is ripe for disposition.  For the following reasons, we will grant plaintiffs'

motion.


**DISCUSSION:**

### I. Motion to Dismiss Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept

all factual allegations as true, construe the complaint in the light most favorable to

the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief."   Phillips v. County of Allegheny,

515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292

F.3d 361, 374 n.7 (3d Cir. 2002)).  In resolving a motion to dismiss pursuant to

Rule 12(b)(6), a court generally should consider "only the allegations in the

complaint, exhibits attached to the complaint, matters of public record, and

documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217,

222 (3d Cir. 2004).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555 (citations omitted).   A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief", and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."  Phillips, 515 F.3d at 232 (citing Twombly, 550 U.S. at 555 & n. 3).  "[A] complaint must allege facts suggestive of [the proscribed] conduct, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555, 563 n.8. Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556) (alteration in original).

3

On the other hand, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 550 U.S. at 555-56, 563 n.8).  Rule 8 "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556).

Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a complaint.  United States v. Union Gas Co., 743 F. Supp. 1144, 1150 (E.D. Pa. 1990).


II.  Timeliness of Plaintiffs' Motion

Defendant claims, albeit without any support, that "plaintiffs' application, seeking to dismiss the [c]ounterclaim is premature as discovery in this matter has yet to be exchanged."  (Rec. Doc. No. 8, p. 4).  Defendant's assertion is erroneous.

As plaintiffs correctly note, "[w]hen consideration a motion to dismiss, this Court may look 'only to facts alleged in the complaint and its attachments without reference to other parts of the record.'" (Rec. Doc. No. 10, p. 2) (quoting Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 12 61 (3d Cir. 1994); Pension

<u>Ben. Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.") (citations omitted).  Although discovery may be helpful in clarifying the issues and facts of the case, the resolution of a motion to dismiss is not dependent upon discovery.  As such, it was well within a party's purview to file a motion to dismiss prior to conducting discovery.

### III.  <u>Allegations in Counterclaim</u>

Defendant's counterclaim reads as follows:

> 1.  Plaintiffs have intentionally and deliberately instituted a frivolous action against the defendant herein.

> 2.  Plaintiffs instituted a frivolous action for the purposes of harassment and extorting money from the defendant herein.

> 3.  Plaintiffs have acted in a deliberate and intentional scheme to strong arm this and other defendants into paying damages that were caused and created by third parties by which this defendant had no control.

> 4.  Plaintiffs have intentionally and deliberately attempted to extort money from this and other defendants for acts committed by third parties over which this defendant had no control.

     5.  That as a result of the foregoing intentional and deliberate acts, the defendant has been severely harassed and has suffered emotional distress and caused to incur substantial legal fees.

(Rec. Doc. No. 2, pp. 6-7).  Where proceedings involve a <u>pro se</u> litigant, as this case does, the court will liberally construe the <u>pro se</u> litigant's pleadings.  <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003).  Despite construing defendant's counterclaim liberally, we cannot reconcile the fact that the counterclaim is rife with conclusory allegations, but devoid of facts with which to support such claims.  Therefore, defendant has failed to make a showing which would meet the fair notice threshold.

     However, it is commonplace to provide <u>pro se</u> litigants at least one opportunity to amend the pleading when there is an indication that a valid claim might be stated.  <u>Alston v. Parker</u>, 363 F.3d 229, 235-36 (3d Cir. 2004); <u>Curley v. Perry</u>, 246 F.3d 1278, 1281-82 (10th Cir. 2001);  <u>Gomez v. USAA Federal Sav. Bank</u>, 171 F.3d 794, 795-96 (2d Cir. 1999); <u>Cox v. Ashcroft</u>, No. CV-05-149-DCB P, 2009 WL 416848, at *2 (E.D. Cal. Feb 19, 2009) (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992)).  In determining whether a valid claim might be properly averred, the court must apply applicable law, "irrespective of whether the <u>pro se</u> litigant has mentioned it by name."  <u>Dluhos</u>, 321 F.3d at 369; <u>see</u> <u>Foster</u>

6

v. JLG Indus., 372 F. Supp. 2d 792, 797 (M.D. Pa. 2005) (citing Dluhos, 321 F.3d at 369). A review of defendant's counterclaim reveals that defendant essentially claims that the plaintiffs have caused her to suffer emotional distress and incur legal fees by maliciously filing suit and intimidating the defendant, via the legal process, in an effort to unjustly obtain compensation or induce settlement. See (Rec. Doc. No. 2, pp. 6-7).[1] As a result, we find that it is possible for the defendant to plead a valid abuse of process claim, see Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998) (quoting Rosen v. American Bank of Rolla, 627 A.2d 190, 192 (Pa. Super. Ct. 1993)),[2] and that defendant should be granted the opportunity to amend the counterclaim, unless doing so would be futile. Alston, 363 F.3d at 235 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d

---

[1]Additionally, defendant alleges in her opposing brief that "plaintiffs have distorted and abused the Federal Copyright Act to engage in intimidation tactics to extort settlement money from college students, including the defendant" and "are attempting to deter widespread copyright infringement by engaging in behavior and scare tactics that are abusive and exploit the Federal Copyright Act." (Rec. Doc. No. 8, p. 4).

[2]"The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the [counterclaim] defendant, which is not an authorized goal of the procedure." Shiner, 706 A.2d at 1236. Therefore, "'there is no liability where the [counterclaim] defendant[s] ha[ve] done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.'" Di Sante v. Russ Financial Co., 380 A.2d 439, 441 (Pa. Super. Ct. 1977) (quoting Prosser, Torts, § 100, at 669 (2d Ed.1955)).

Cir. 2002)).

IV. <u>Noerr-Pennington Doctrine</u>

Plaintiffs contend that even if defendant's counterclaim was sufficiently

pled, it would nevertheless be barred by the Noerr-Pennington Doctrine.[3]  We

agree.

The sole exception to the doctrine is the "sham exception."  Under this

exception, a party may not use the litigation process in an effort to harass another

party.  <u>City of Columbia v. Omni Outdoor Adver., Inc.</u>, 499 U.S. 365, 380 (1991).

"A 'sham' situation involves a defendant whose activities are not genuinely aimed

at procuring favorable government action at all, not one who genuinely seeks to

---

[3]Pursuant to the Noerr-Pennington Doctrine, which originated with the
United States Supreme Court's decisions in <u>E. R.R. Presidents Conference v. Noerr
Motor Freight, Inc.</u>, 365 U.S. 127 (1961) and <u>United Mine Workers v. Pennington</u>,
381 U.S. 657, 669-70 (1965), an individual is immune from liability for exercising
his First Amendment right to petition the government.  Traditionally, this doctrine
has been applied in an anti-trust context, <u>Noerr</u>, 365 U.S. at 138; however, the
doctrine has been extended to include all types of government entities, including
the courts.  <u>See</u> <u>California Motor Transport Co. v. Trucking Unlimited</u>, 404 U.S.
508 (1972); <u>Brownsville Golden Age Nursing Home, Inc. v. Wells</u>, 839 F.2d 155,
160 (E.D. Pa. 1988) ("The rule that liability cannot be imposed for damage caused
by inducing . . . judicial action is applicable here.").  The Third Circuit has
included abuse of process claims within this expansion.  <u>See</u> <u>Cheminor Drugs, Ltd.
v. Ethyl Corp.</u>, 168 F.3d 119, 122 (3d Cir. 1999).

achieve his governmental result, but does so through improper means." Id.
Therefore, under the "sham exception," a party will be liable if its claim is (1)
"objectively baseless," and (2) it "use[s] the governmental process-as opposed to
the outcome of that process-as [a] . . . weapon." Cheminor, 168 F.3d at 122-23.

There can be no question that the present plaintiffs have a right to protect
their copyright interests via the litigation process.[4]  Consequently, even if the
defendant could properly allege that the plaintiffs filed this suit for improper
reasons, the Noerr-Pennington Doctrine bars the defendant's counterclaim because
the plaintiffs are entitled to seek redress in this fashion under federal law.  The
defendant simply cannot demonstrate that plaintiffs' claims are "completely
baseless" because plaintiffs had probable cause to institute these civil proceedings
and reasonably expect success on the merits.  Cheminor, 168 F.3d at 122 (holding

---

[4]Plaintiffs have well-pled their interests in this matter.  Plaintiffs note that,
pursuant to 17 U.S.C. § 401, notice that the sound recordings were copyrighted
materials was properly conveyed on the published copies of each sound recording.
(Rec. Doc. No. 1, ¶ 17).  Additionally, plaintiffs aver that their copyrighted
materials were being shared, via a Peer-to-peer ("P2P") file copying network, over
a unique Internet Protocol address that has been identified as belonging to the
defendant.  (Id. at ¶¶ 13-15).  P2P networks allow individual internet users to
unlawfully distribute copyrighted sound recordings.  (Id. at ¶ 13).  Through these
file sharing networks, individual internet users may search for files stored on other
users' computers and download exact copies of those recordings from one
computer to another via the internet.  (Id. at ¶ 13).

that probable cause to file suit is an absolute defense against a sham litigation claim). Therefore, we find that the "sham exception" does not apply.

Because we find that the Defendant cannot establish the initial factor of "sham exception," we need not analyze the second prong of the test.  See id. at 127 (stating that failure to satisfy the first prong of the "sham exception" test renders moot the question of whether there was subjective intent to abuse government process).

Defendant's possible counterclaim for abuse of process is barred by the Noerr-Pennington Doctrine.  Accordingly, granting defendant leave to cure the counterclaim would be a futile measure and the counterclaim shall be dismissed.

### V.  Doctrine of Judicial Immunity

Having determined that defendant's counterclaim is barred by the Noerr-Pennington Doctrine, we need not address whether the plaintiffs would find protection under the doctrine of judicial immunity

**CONCLUSION:**

For the forgoing reasons, we will grant plaintiffs' motion to dismiss.  (Rec.

Doc. No. 6).

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UMG RECORDINGS, INC.,            :
ARISTA RECORDS LLC,              :
INTERSCOPE RECORDS,              :
WARNER BROS. RECORDING,          :
INC.,                            :
SONY BMG MUSIC                   :
ENTERTAINMENT,                   :
                                 :
                                 :
              Plaintiffs,        :            No. 4:08-CV-1756
                                 :
       v.                        :            (Judge McClure)
                                 :
SHANNON ELIZABETH                :
MARTINO,                         :
                                 :
              Defendant.         :

**O R D E R**

April 21, 2009

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

Plaintiffs' motion to dismiss defendant's counterclaim is GRANTED.  (Rec.

Doc. No. 6).


              s/ James F. McClure, Jr.
              James F. McClure, Jr.
              United States District Judge

12